Magistrate Judge John L. Weinberg

___ FILED ___ ENTERED
___ LODGED ___ RECEIVED

NOV 22 2017

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GABRIEL CRONIN,

    Defendant.

NO. MJ17-488

COMPLAINT for VIOLATION
Title 18, U.S.C. Section 2252(a)(4)(B)

BEFORE, the Honorable John L. Weinberg, United States Magistrate Judge, U. S. Courthouse, Seattle, Washington.

## COUNT 1

**(Possession of Child Pornography)**

Beginning on a date unknown, and continuing until on or about November 20, 2017, at Seattle, within the Western District of Washington, GABRIEL CRONIN did knowingly possess matter that contained visual depictions the production of which involved the use of minors engaging in sexually explicit conduct, and the visual depictions were of such conduct, that had been mailed and shipped and transported using any means or facility of interstate or foreign commerce and in and affecting interstate and foreign commerce, and which had been produced using materials that had been mailed and shipped and transported in and affecting interstate and foreign commerce by any

COMPLAINT/CRONIN - 1
Case No.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

means, including by computer, and the images of child pornography involved include images of a prepubescent minor and a minor who had not attained 12 years of age.

All in violation of Title 18, United States Code, Sections 2252(a)(4) and 2252(b)(2).

And the Complainant states that this Complaint is based on the following information:

I, Timothy Ensley, being first duly sworn on oath, depose and say:

## I.     INTRODUCTION

1. I am a Special Agent (SA) with the Department of Homeland Security (DHS), Homeland Security Investigations (HSI), assigned to the Seattle, Washington field office. I have been an agent with HSI since May 2009. HSI is responsible for enforcing the customs and immigration laws and federal criminal statutes of the United States. As part of my duties, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography and material involving the sexual exploitation of minors in violation of 18 U.S.C. §§ 2251, 2252(a), and 2252A(a). I am a graduate of the Federal Law Enforcement Training Center (FLETC), HSI Special Agent Training Program, and have received further specialized training in investigating child pornography and child exploitation crimes. I have also had the opportunity to observe and review hundreds of thousands of examples of child pornography (as defined in 18 U.S.C. § 2256(8)). I have participated in the execution of many previous search warrants and subject interviews, which involved child exploitation and/or child pornography offenses and the search and seizure of computers and other digital devices. I am a member of the Seattle Internet Crimes Against Children (ICAC) Task Force in the Western District of Washington, and work with other federal, state, and local law enforcement personnel in the investigation and prosecution of crimes involving the sexual exploitation of children. I am designated by my employing agency, DHS/HSI, as a subject matter expert in the field of child exploitation.

COMPLAINT/CRONIN - 2

Case No.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2. On February 11, 2015, after an evidentiary hearing under *Franks v. Delaware*, 438 U.S.154 (1978), at which I testified, a United States District Court in the Western District of Washington, found that "Agent Ensley was completely truthful and forthright" and concluded that "Agent Ensley did not intentionally or reckless omit material information in order to mislead the magistrate judge." *United States v. Perkins*, Case No. 2:13-cr-00096-RSM-1, 2015 WL 630934, at *3 (W.D. Wash. Feb. 11, 2015). The case involved a warrant I wrote that led to the discovery of evidence of possession and receipt of child pornography. On March 13, 2017, the United States Court of Appeals for the Ninth Circuit reversed the district court order concluding that the district court "clearly erred in finding that Agent Ensley did not omit relevant information with at least a reckless disregard for whether the omissions would render the warrant application misleading." *United States v. Perkins*, 850 F.3d 1109, 1119 (9th Cir. 2017).

3. The Court also found that "[t]hese omissions reveal a clear, intentional pattern in Agent Ensley's actions: he selectively included information bolstering probable cause, while omitting information that did not." *Id.* at 1117. More specifically, the Court found that I "omitted relevant information from the affidavit that resulted in the misleading impression that [an image] was unequivocally child pornography," *id.*, that my testimony regarding a particular issue was "not plausible," *id.*, that my testimony was "belied by [my] own affidavit," *id.*, that I "knowingly excluded relevant information" regarding an image, *id.*, and that I provided "an incomplete and misleading recitation of the facts." *Id.* at 1118. The Court of Appeals also made other specific findings that are reported in the decision. The dissenting judge on the Court of Appeals found that "the majority fail[ed] to give the district court the deference that our case law requires," and noted that "[a]fter watching and listening to Agent Ensley testify in court about his thought process, the district court credited Agent Ensley's testimony in its entirety and found that he did not intentionally or recklessly omit information." *Id.* at 1125.

4. As further detailed below, based on my investigation and the investigation of other law enforcement officers, I submit there is probable cause to believe that

COMPLAINT/CRONIN - 3

Case No.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

GABRIEL CRONIN has committed the violations described above. In particular, the investigation has uncovered substantial evidence that GABRIEL CRONIN possessed child pornography in violation of Title 18, United States Code, Sections 2252(a)(4) and 2252(b)(2) on or before November 20, 2017.

## II. SUMMARY OF INVESTIGATION

5. On November 12, 2017, K.F. made a report to the National Center for Missing and Exploited Children (NCMEC) that her cousin, GABRIEL CRONIN, had been viewing child pornography for years. NCMEC documented the complaint in CyberTip #25522144. On November, 14, 2017, the CyberTip was forwarded to the Seattle Police Department (SPD) Internet Crimes Against Children (ICAC) Unit and Detective Mark Misiorek was assigned the case for investigation.

6. According to the CyberTip, GABRIEL CRONIN, confided in K.F.'s father in 2015 that he had been viewing child pornography for years. K.F. reported to NCMEC that GABRIEL CRONIN's parents have assured her that he is in treatment and no longer views child pornography.

7. Using open source material on the internet, SPD ICAC Detective Misiorek located an individual named GABRIEL CRONIN in Seattle. Detective Misiorek discovered the following information concerning GABRIEL CRONIN. GABRIEL CRONIN works as a science teacher at a prestigious Seattle K-12 prep-school. GABRIEL CRONIN's biography on the school website includes the name of his former employer, where he taught middle and high school math and science. At GABRIEL CRONIN's current school, he is listed as an advisor with the Robotics Club. Detective Misiorek also viewed his public Facebook profile, which lists the school as his current employer. GABRIEL CRONIN's photo albums are filled with pictures from school trips and activities including school trips to Zambia and Robotics team events. Using a law enforcement website, Detective Misiorek determined that GABRIEL CRONIN lived at an address in Seattle, WA.

COMPLAINT/CRONIN - 4
Case No.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

8. On November 14, 2017, Detective Misiorek spoke with K.F. via telephone and confirmed that she currently lives in Maryland. According to Detective Misiorek, K.F. stated that GABRIEL CRONIN ("Gabe") returned home to Maryland for the 2015 Christmas holiday. During that holiday season, K.F. became frustrated with what she perceived as too much whispering and private meetings that were going on with and between her family members. She expressed her frustration to her mother, who informed her that Gabe had reached out to her father for help with addiction. She told K.F. that Gabe had an addiction to pornography. K.F. reported that the following Christmas season, she overheard her mother talking with Gabe's mother and believed she heard Gabe's mother say something that made her feel the addiction was related to child pornography. K.F. reported that the next day, she confronted her mother, who admitted Gabe had an addiction to child pornography. K.F.'s mother responded that Gabe's parents were aware of the situation and were trying to help him.

9. Shortly thereafter, K.F. reported that her aunt and uncle discussed the situation with her, begged her not to report Gabe, and made assurances that Gabe was actively seeking treatment. K.F. reported that her aunt and uncle allowed Gabe to stay at their house during the holidays in 2015, but he could only view pornography outside the home. In January 2017, K.F. reported that Gabe reached out to her via telephone and told her she was overreacting and that she was causing problems for his parents. K.F. reported Gabe said the authorities would not be able to prove anything anyway.

10. Recently, K.F.'s father informed her that Gabe was "into" middle school aged children. K.F. was unsure if that interest was directed at boys or girls. Taking into consideration Gabe's profession, K.F. said that she felt compelled to report the issue to NCMEC. She was not aware of what type of device or means Gabe would use to obtain/view child pornography.

11. On November 17, 2017, SPD ICAC Detective Timothy Luckie and Detective Misiorek contacted GABRIEL CRONIN at his Seattle residence. Detective

COMPLAINT/CRONIN - 5
Case No.

Misiorek knocked on the door and was greeted by GABRIEL CRONIN. The detectives introduced themselves and were invited by GABRIEL CRONIN inside of his apartment.

12. Detective Misiorek informed GABRIEL CRONIN that they worked with the ICAC Task Force and were investigating a complaint from the National Center for Missing and Exploited Children. Detective Misiorek explained that the complaint alleged he had a sexual interest in children. Detective Misiorek also explained that they were in the initial stages of the investigation and were interested in talking with him to help determine the validity of the complaint. According to Detective Misiorek, at no time did GABRIEL CRONIN appear to be shocked or surprised by what he was being told. GABRIEL CRONIN told officers that it has been a problem that he had been working on for some time. GABRIEL CRONIN said he had worked with a therapist for approximately three years before moving on to a new therapist. Detective Misiorek said GABRIEL CRONIN paused and said that he was not sure if he should be talking with the detectives about the matter. Detective Misiorek informed GABRIEL CRONIN that he was not required to talk with the detectives. GABRIEL CRONIN asked if he should talk to a lawyer. Detective Luckie told him he had the right to talk to an attorney if he wanted. GABRIEL CRONIN continued to talk with the detectives and invited them to enter his living room, where the detectives sat on his living room couch. GABRIEL CRONIN took a seat across from the detective and asked if they wanted anything to drink. They both declined.

13. According to Detective Misiorek, GABRIEL CRONIN described his attempts to deal with the issue through treatment. During his initial description of why he had sought treatment, GABRIEL CRONIN vaguely described, "doing very bad things." Detective Misiorek asked him if he would clarify what he meant by that term and he became uncomfortable and asked if he needed an attorney. Again, Detective Misiorek told him he could contact an attorney if he wanted. Detective Luckie also informed him that he was not required to answer their questions and it was okay if he was not comfortable elaborating.

COMPLAINT/CRONIN - 6

Case No.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

14. According to Detective Misiorek, GABRIEL CRONIN described steps he had taken in the past to try to combat what he described as sex addiction. GABRIEL CRONIN said that he had sold a desktop computer and terminated internet service to cut his supply but that he eventually started using his phone to obtain pornography. He said that the urge was too strong and the longest he ever abstained from pornography was 6 weeks. He recalled having a pornography addiction as early as 14 years old when he acquired two pornographic magazines, and it had been a problem ever since.

15. According to Detective Misiorek, GABRIEL CRONIN shared that he looked for ways to fill his calendar with activities such as rowing. His initial therapist assigned him self-esteem assignments because as he put it, "sex offenders don't like themselves." He admitted to not liking himself and being depressed. Detective Luckie asked him if he was thinking of hurting himself. GABRIEL CRONIN said that he was not. GABRIEL CRONIN reported that his initial therapist also sent him to consult with a lawyer since he was engaging in illegal activity and subjected him to polygraph exams.

16. According to Detective Misiorek, GABRIEL CRONIN continued to detail some of the steps taken in therapy. His therapist encouraged him to try dating websites to experience normal relationships. He said he had two unsuccessful relationships with adult women. His therapist also encouraged him to become involved with a youth mentoring program that involved boys, since he is not "into boys." He said he was interested in post adolescent females.

17. According to Detective Misiorek, GABRIEL CRONIN said that intellectually, he understands the hypocrisy of his addiction considering his job, but insisted he never has inappropriately touched any kids. When asked how he dealt with his urges being at school all day, or on overseas school trips, or on the Robotics Club trips, GABRIEL CRONIN said that most of the trips are short and he can handle it, but he had difficulty on the school trip to Zambia. He sought support from his girlfriend at the time and his counselor. He also admitted to having loaded pornography on his cellphone for the trip. He said that he shared a hut or cottage with a colleague and when

COMPLAINT/CRONIN - 7
Case No.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

his roommate would leave for the bar, Mr. Cronin would lock the door, view the pornography, masturbate, and clean up within ten minutes. The detectives discussed with GABRIEL CRONIN that those urges often become so strong for some people that they cannot satisfy it with masturbation alone. He acknowledged that was a problem but reiterated that he had not inappropriately touched children.

18. According to Detective Misiorek, a few times during the discussion, GABRIEL CRONIN said he would be willing to participate in a polygraph exam to ease any concerns about him inappropriately touching children. When asked by the detectives what the results would be, GABRIEL CRONIN said he was certain that he would show truthful for not touching kids. He said it would be a problem if we asked him if he fantasized about students. He told us he fantasized about students he works with. Detective Luckie asked him if he had ever "morphed" any photographs of students with images of pornography, and he said that he had done that in the past.

19. Detective Misiorek asked GABRIEL CRONIN what method he uses to obtain child pornography and he said he uses his Dell Laptop, which was open and on the computer desk next to the couch. He said the Dell laptop belongs to his employer.

20. According to Detective Misiorek, GABRIEL CRONIN said he uses The Onion Router (TOR) browsers to search for child sexual exploitation material and then deletes it when he is finished with it. Detective Luckie told him that is called "seek, beat, and delete," a term used to describe users that find child pornography online, masturbate, and delete it from their computer to avoid detection. GABRIEL CRONIN nodded his head in acknowledgement.

21. Detective Misiorek asked GABRIEL CRONIN if he used any particular sites or search terms and he described going to Bulletin Board Services (bbs) and downloading material. According to Detective Misiorek, unsolicited, GABRIEL CRONIN then took a pad of paper and wrote something down, tore the sheet off, and handed it to Detective Misiorek, which read "ls php bbs." The detective talked about the type of child pornography that might be on the Dell laptop. GABRIEL CRONIN said it

COMPLAINT/CRONIN - 8

Case No.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 would be ninety percent nude and ten percent sexual activity. He said if law enforcement
2 looked, they would find "really bad stuff."
3       22.    Detective Misiorek informed GABRIEL CRONIN that they would be
4 taking the Dell laptop as a part of the investigation because it contained child
5 pornography. GABRIEL CRONIN said he understood and handed it to Detective
6 Luckie. The detectives transported the Dell laptop to the Seattle Police Digital Forensics
7 Lab Evidence Storage Locker and subsequently applied for a search warrant in King
8 County, Washington Superior Court on November 20, 2017.
9       23.    During a preliminary forensic examination of the Dell laptop, SPD
10 detectives located thousands of non-nude images of girls appearing to be between eight to
11 fifteen years of age, in various stages of undress, and posing in various sexually explicit
12 positions.
13      24.    According to Det. Misiorek, there were hundreds of thumbnail files on the
14 Dell laptop located by Detective Luckie. The files are from The Ukrainian Angels
15 Studio, better known as LS-Studio, (and also LS-Studios) based in Ukraine, which was
16 the subject of a child pornography raid in July of 2004 conducted by the Crime
17 Investigation Department of the Ministry for the Interior, after a joint investigation
18 between Ukrainian police and Interpol. This softcore child pornography ring was an
19 online subscription service and photography studio that created hundreds of thousands of
20 photographic images (and hundreds of videos) of young teen and prepubescent girls, and
21 sold them via the Internet. During that time, they produced approximately eighty issues
22 or collections, such as LS-Magazine, LS-Island, LS-Land, LS-Dreams, LS-Stars, LS-
23 Barbie, LS-Flash, LS-Girls, LS-Fantasy, etc. While early collections often featured nude
24 girls in natural poses, later collections also contained many images of girls in sexually
25 suggestive and explicit poses, including implied sexual acts. Approximately 1,500
26 children, ages eight to sixteen were recruited as "models" in Ukraine. Various nude
27 photos were taken and uploaded to servers in the United States and Canada. Quality and
28

COMPLAINT/CRONIN - 9

Case No.

quantity of material from that studio was unmatched, and soon it became the most popular child pornography and erotica website in the world.

25. The files recovered from GABRIEL CRONIN's Dell laptop included several image galleries of different female children, ranging from pre-pubescent to pubescent. Each gallery contained nude images, focusing specifically on the genitalia of minor female children. I describe two of the files as follows:

> Filename – tnlsan-015a-054.jpg: contains an image of a Caucasian female, approximately ten-to-twelve years old based upon her lack of physical development as described below and my training and experience. The image is taken outdoors with trees in the background. She is naked and standing, facing away with her right hand on her waist, but looking back towards the camera in a posed position. The female child's legs are spread apart enough that her labia are visible. She has no breast development, and the primary focus of the image is her exposed labia, bare buttocks, and bare right breast.

> Filename – tnlsan-015a-056.jpg: contains an image of the same female child described above. The image is also taken outdoors and is a part of the same series. The female child is depicted bending over, facing away from the camera with her arms extended and resting on a rock formation in a posed position. The child is nude with her legs spread apart enough that her labia are visible. The primary focus of the image is her exposed labia and bare buttocks.

26. Copies of the two images described above have been placed in an envelope marked Exhibit 1 and will be made available to the reviewing magistrate judge. Exhibit 1 will not be filed with the Court but instead will remain in the custody of HSI.

27. I am aware based on my training and experience and through conversations with others familiar with the investigation of child pornography offenses that Dell computers are not manufactured within Washington State.

COMPLAINT/CRONIN - 10
Case No.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

28. Based on the above facts, I respectfully submit that there is probable cause to believe that GABRIEL CRONIN did knowingly and intentionally possess child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

_____
Timothy A. Ensley, Complainant
Special Agent,
Homeland Security Investigations

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

DATED this 22 day of November, 2017.

_____
JOHN L. WEINBERG
United States Magistrate Judge

COMPLAINT/CRONIN - 11

Case No.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970